CLD-132                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1460
_____

IN RE:  SHAQUAN BROWN,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-20-cr-00260-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 21, 2022
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: April 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Shaquan Brown is a federal pretrial detainee proceeding pro se and in forma

pauperis.  On October 7, 2021, a grand jury sitting in the United States District Court for

the Eastern District of Pennsylvania issued a superseding indictment charging him with

several counts of Hobbs Act robbery and firearms violations.  At the arraignment,

Brown—who was represented by counsel—refused to plead not guilty, and the Court

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

entered a not-guilty plea on his behalf. The District Court docket report reflects that the case is still in its pretrial stages.

In March 2022, Brown filed a petition for a writ of mandamus in this Court. He asserts that the District Court violated his constitutional rights by entering a not-guilty plea on his behalf when he made clear that he wanted to review a pre-sentence investigation report before entering a plea. He asks us to, inter alia, "reverse and remand said 'not guilty' plea." Pet. 1, ECF No. 1-3.

We will deny the petition. "Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Brown has not met this burden. First, given that the District Court was required to enter a non-guilty plea in these circumstances, see Fed. R. Crim. P. 11(a)(4) ("If a defendant refuses to enter a plea . . . , the court must enter a plea of not guilty."), Brown has not shown that he has a "clear and indisputable right" to issuance of the writ or that the writ is "appropriate under the circumstances." Second, to the extent that he wishes to change his plea, he can, through his counsel, file a motion to do so at an appropriate time

in the District Court.  Therefore, he has not demonstrated that "no other adequate means exist to attain the relief he desires."  <u>Hollingsworth</u>, 558 U.S. at 190. Accordingly, we will deny the petition.